UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In re: BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Debtor in a Foreign Proceeding.
_____/

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Plaintiff,

v.

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, LAWRENCE
DUPREY, VISHNU RAMLOGAN, SHIVA
RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

    Defendants,

ROBERT FULLERTON,

    Counter-Plaintiff,

v.

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Counter-Defendant.
_____/

CASE NO. 12-81330-CIV-COHN
(ADV. CASE NO. 11-03118-BKC-EPK)

### ORDER ADOPTING BANKRUPTCY COURT'S RECOMMENDATIONS ON MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**THIS CAUSE** is before the Court upon the Bankruptcy Court's Order on Motion to Dismiss for Lack of Personal Jurisdiction [DE 14-2] ("Dismissal Order"). The Dismissal Order sets forth the Bankruptcy Court's proposed findings of fact and conclusions of law regarding Defendant Vishnu Ramlogan's Motion to Dismiss for Lack

of Personal Jurisdiction [DE 14-3] ("Motion").[1]  Although Plaintiff has filed no timely objections to the Dismissal Order, the Court has carefully reviewed the Order and all other filings pertaining to the Motion.

Plaintiff British American Insurance Company Limited ("BAICO"), a Carribean insurance company, is a foreign debtor in pending Chapter 15 bankruptcy proceedings. In this adversary case, BAICO alleges that several of its former directors, including Defendant Ramlogan, breached fiduciary duties to the company by involving it highly speculative real-estate transactions in Florida.  BAICO's claims focus on an unsuccessful land investment known as the "Green Island transaction," which allegedly rendered BAICO insolvent.

In his Motion, Ramlogan—a citizen of Trinidad and Tobago—seeks dismissal of BAICO's claim against him, asserting that he is not subject to personal jurisdiction in the United States.  See Fed. R. Bankr. P. 7004(f); SEC v. Carrillo, 115 F.3d 1540, 1544 (11th Cir. 1997).  BAICO opposes Ramlogan's Motion.  Based on a detailed review of the parties' arguments and the record evidence, the Bankruptcy Court determined that exercising personal jurisdiction over Ramlogan in this case would violate due process. See Fed. R. Bankr. P. 7004(f); Carrillo, 115 F.3d at 1542, 1544.  The Bankruptcy Court found that Ramlogan's pre-suit contacts with the United States were not "systematic and continuous" and thus were insufficient "to support the exercise of jurisdiction over claims unrelated to his specific contacts with the United States."  DE 14-2 at 7; see Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851, 2853-54

---

[1] In its prior Order withdrawing the reference of this case to the Bankruptcy Court, this Court referred all dispositive pretrial motions to the Bankruptcy Court for a report and recommendation.  See DE 6 at 5-6.

2

(2011) (discussing "general or all-purpose jurisdiction"). Further, the Bankruptcy Court concluded that it lacked specific personal jurisdiction over Ramlogan because he had no substantial contacts with the United States relating to the breach-of-fiduciary-duty claim alleged here. See DE 14-2 at 7-11; Brown, 131 S. Ct. at 2851, 2853-54 (addressing "specific or case-linked jurisdiction"). The Bankruptcy Court therefore recommended that Ramlogan's Motion be granted. See DE 14-2 at 11.

After a careful review, this Court agrees with the Bankruptcy Court's reasoning, conclusions, and recommendations. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Bankruptcy Court's recommendations in its Order on Motion to Dismiss for Lack of Personal Jurisdiction [DE 14-2] are **ADOPTED**;

2. Defendant Vishnu Ramlogan's Motion to Dismiss for Lack of Personal Jurisdiction [DE 14-3] is **GRANTED**; and

3. Plaintiff BAICO's claim against Defendant Vishnu Ramlogan in the above-styled action is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of June, 2013.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

United States Bankruptcy Judge Erik P. Kimball

Counsel of record